# In the United States Court of Federal Claims

No. 12-378V

(Filed Under Seal: March 8, 2018 | Reissued for Publication: March 23, 2018)[*]

| | |
|---|---|
| GEORGE DOMINGUEZ, | ) ) ) ) ) ) ) ) ) ) ) |
| Petitioner, | |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

Keywords: Vaccine Act; Interim Attorneys' Fees; Reasonable Attorneys' Fees; Lodestar; Abuse of Discretion.

*Clifford J. Shoemaker*, Shoemaker, Gentry & Knickelbein, Vienna, VA, for Petitioner.

*Darryl R. Wishard*, Senior Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC, for Respondent, with whom were *Heather L. Pearlman*, Assistant Director, *Catharine E. Reeves*, Deputy Director, *C. Salvatore D'Alessio*, Acting Director, and *Chad A. Readler*, Acting Assistant Attorney General.

## OPINION AND ORDER

**KAPLAN, Judge.**

Currently before the Court is a motion for review of an attorney fee award Special Master Christian Moran issued pursuant to the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (hereinafter the Vaccine Act). Special Master Moran awarded the petitioner the full amount of the interim attorneys' fees and costs he requested without conducting a review of whether either the hours counsel billed or the rate he claimed were reasonable. He awarded the full amount because the Secretary of Health and Human Services (the Secretary) had declined to pose any specific objections to the items in the fee application, but instead deferred to the special master to exercise his discretion to determine a reasonable fee award.

The Secretary seeks review of the special master's fee award, contending, among other things, that—regardless of whether the government files specific objections to a request for

---

[*] Pursuant to Vaccine Rule 18(b), this opinion was initially filed on March 8, 2018, and the parties were afforded fourteen days to propose redactions. The parties did not propose any redactions and, accordingly, this opinion is reissued in its original form for publication.

attorneys' fees and costs—the Special Master has a statutory obligation to determine whether the fees requested are reasonable before making an award under the Vaccine Act. Petitioner has filed a response to the motion for review in which he contends that the special master properly exercised his discretion in awarding interim attorneys' fees and costs.

As discussed below, the Court concludes that the special master abused his discretion by failing to conduct an independent review and make a determination of whether the fee award he issued met the statutory reasonableness requirement. Accordingly, the Court **GRANTS** the government's motion for review, sets aside the special master's decision, and **REMANDS** the matter to the special master for further proceedings.

## BACKGROUND

On June 14, 2012, Mr. Dominguez filed a petition for compensation under the Vaccine Act. ECF No. 1. In that petition, Mr. Dominguez alleges that on August 31, 2011, he received a tetanus-diphtheria-pertussis vaccine that caused him to develop Wegener's Granulomatosis. Pet. ¶¶ 1, 7–8. The parties have since been engaged in proceedings before Special Master Moran, and a hearing on Mr. Dominguez's entitlement to compensation is scheduled for April 5, 2018. See ECF No. 126.

In the meantime, on July 29, 2017, Mr. Dominguez filed an application seeking an award of $40,915.80 in interim attorneys' fees and $34,095.70 in costs, for a total award of $75,011.50. ECF No. 124. The Secretary filed his response to Petitioner's fee application on July 31, 2017. ECF No. 125.

In his response, the Secretary acknowledged that Petitioner had satisfied the legal prerequisites to an award of interim fees. He declined to take a position, however, as to whether the Special Master should issue such an award or as to the reasonableness of the amount of fees and costs Petitioner requested. Instead, he stated that "[s]hould the Special Master conclude that an interim award of attorneys' fees and costs is appropriate, respondent respectfully recommends that the Special Master exercise discretion and determine a reasonable award." Resp't's Resp. to Pet'r's Appl. for Interim Att'ys' Fees & Costs at 3 (footnote omitted).

The Secretary explained that "[n]either the Vaccine Act nor Vaccine Rule 13[1] contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Id. at 1. And although in previous cases the Secretary had provided "detailed objections to requests for attorneys' fees and costs . . . as a courtesy to the Court," the Secretary noted that he "no longer ha[d] sufficient resources" to do so. Id. at 3 n.3. "In addition," the Secretary observed, in his experience "providing detailed objections only leads to 'a second major litigation' over fees, as cautioned against by the Supreme Court in Fox [v. Vice, 563 U.S. 826 (2011)], as well as supplemental fee requests that are routinely granted by the Court (i.e.,

---

[1] Vaccine Rule 13 states that a request for attorneys' fees and costs "must be filed no later than 180 days after the entry of judgment or the filing of an order concluding proceedings," and instructs that "the clerk will forward the fee request to the special master for a decision thereon."

'fees for fees'), which negate any purpose of the objections asserted by respondent." Id. (emphasis omitted).

On December 18, 2017, Special Master Moran issued a decision on the interim fee application. ECF No. 138. He concluded that Mr. Dominguez was eligible for an award of fees because he had filed his petition in good faith and had a reasonable basis for doing so. Id. at 2. The special master also found that "an interim award [wa]s warranted . . . to alleviate an undue hardship and costly experts." Id. at 3.

With respect to the amount of the award, the special master granted the application in full without determining whether the hours or rate claimed were reasonable within the meaning of the applicable case law. Relying instead upon his decision the preceding month in Swintosky v. Secretary of Health and Human Services, No. 12-403V, 2017 WL 5899239 (Fed. Cl. Office of the Special Masters Nov. 6, 2017), the special master ruled that the fee request should be granted in full because by declining to take a position and instead deferring to the special master's discretion, the Secretary had "waived any objections to the amount of fees requested." Id. (footnote omitted).

The Secretary then filed a motion for review in this Court on January 16, 2018. ECF No. 145. In the motion, he contends that the special master "abused his discretion when he failed to make a finding regarding the reasonableness of petitioner's application for attorneys' fees and costs" and instead awarded Mr. Dominguez the full amount he requested "on the sole asserted basis that respondent 'has waived any objections to the amount of fees requested.'" Id. at 1. The Secretary requests that the Court reverse the special master's decision and remand the matter back to him "for an appropriate determination regarding the reasonableness of petitioner's application for attorneys' fees and costs." Id.

Petitioner filed a response to the Secretary's motion for review on February 15, 2018. ECF No. 151. In it, Petitioner claims that the government's argument that the Special Master failed to perform a review of his fee petition is not supported by the record.[2]

## DISCUSSION

### I.   Jurisdiction and Standard of Review

Congress established the National Vaccine Injury Compensation Program in 1986 to provide a no-fault system to compensate persons who suffer vaccine-related injuries and deaths. Figueroa v. Sec'y of HHS, 715 F.3d 1314, 1316–17 (Fed. Cir. 2013). A petition seeking compensation under the Vaccine Act is filed in the Court of Federal Claims, after which the Clerk of Court forwards it to the chief special master for assignment to a special master. 42 U.S.C. § 300aa-11(a)(1). The special master to whom the petition is assigned "issue[s] a decision on such petition with respect to whether compensation is to be provided under the [Vaccine Act] Program and the amount of such compensation." Id. § 300aa-12(d)(3)(A). The Vaccine Act further provides that "the special master . . . may award an amount of compensation to cover

---

[2] The Court concludes that oral argument is unnecessary in this case.

petitioner's reasonable attorneys' fees and other costs . . . if the special master . . . determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. § 300aa-15(e)(1). This grant of statutory authority includes the authority to award interim attorneys' fees prior to any decision on the merits. See id.; Avera ex rel. Avera v. Sec'y of HHS, 515 F.3d 1343, 1352 (Fed. Cir. 2008); see also Shaw v. Sec'y of HHS, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

If a party files a motion for review of a decision of a special master, the Vaccine Act grants the Court of Federal Claims jurisdiction to review the record of the proceedings before the special master and authority, upon such review, to:

> (A) [U]phold the findings of fact and conclusions of law of the special master and sustain the special master's decision,
>
> (B) [S]et aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or
>
> (C) [R]emand the petition to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa-12(e)(2); see also Vaccine Rule 27. This jurisdiction includes the power to review a special master's decision on interim attorneys' fees and costs. Shaw, 609 F.3d at 1376.

The court "review[s] a decision of the special master . . . [to] determine if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Avera, 515 F.3d at 1347 (quoting 42 U.S.C. § 300aa-12(e)(2)(B)). "In Vaccine Act cases . . . contesting a special master's determination of reasonable attorney's fees, the applicable standard of review is abuse of discretion." Scharfenberger v. Sec'y of HHS, 124 Fed. Cl. 225, 231 (2015) (citing Hall v. Sec'y of HHS, 640 F.3d 1351, 1356 (Fed. Cir. 2011)), appeal dismissed, No. 16-1467 (Fed. Cir. Feb. 9, 2016).

## II.   The Merits

The Federal Circuit has "endorsed the use of the lodestar approach to determine what constitutes 'reasonable attorneys' fees' under the Vaccine Act." Avera, 515 F.3d at 1347 (citing Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993)). Under that approach, the special master or the court "first determines an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); see also Hall, 640 F.3d at 1353. The fee applicant bears the burden of proving that the number of hours submitted for payment is reasonable; further, hours that are "excessive, redundant, or otherwise unnecessary" will not be compensated. See Hensley v. Eckerhart, 461 U.S. 424, 434, 437 (1983). A reasonable rate is "'the prevailing market rate,' defined as the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Avera, 515 F.3d at 1348 (quoting Blum, 465 U.S. at 896 n.11). The fee applicant

bears the burden of establishing the reasonableness of the rate at which he seeks compensation as well. Hensley, 461 U.S. at 437; Guy v. Sec'y of HHS, 38 Fed. Cl. 403, 405 (1997).

In this case, the special master did not follow these principles. He issued an award of fees and costs without determining whether the hours claimed were reasonable and without finding that the requested hourly rate reflected the prevailing market rate in the relevant community. Doing so appears to be patently at odds with the explicit language of the Vaccine Act, which provides that "the special master . . . may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs." 42 U.S.C. § 300aa-15(e)(1) (emphasis added). The statute thus cabins the special master's statutory authority to award compensation for attorneys' fees by requiring that the fees and costs awarded be reasonable. And the controlling precedent requires the special master to independently determine reasonableness by applying the lodestar method described above. See, e.g., Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (2009).

Nonetheless, in this case the special master did not use the lodestar approach; in fact he made no independent reasonableness determination at all. Instead, he applied the "waiver" theory that he first articulated in Swintosky, which posits that if the government fails to lodge objections to the reasonableness of the fees and costs requested, then it is appropriate to grant the request in full without conducting any independent review.

Swintosky's reasoning, however, was deeply flawed. In Swintosky, as in the present case, the Secretary declined to take a position regarding the reasonableness of the petitioner's fee request in its response to the petitioner's fee application. 2017 WL 5899239, at *2. Instead, as in this case, he recommended that the special master exercise his "discretion [to] determine a reasonable award." Id. (quotation omitted).

The special master did not take kindly to the Secretary's pronouncement of deference to the special master's discretion and the Secretary's statement of intent not to engage with the specifics of the fee application. Rather, he opined that the Secretary's failure to provide views regarding the reasonableness of the fee request was inconsistent with the Secretary's obligation to "participate" in "all proceedings brought by the filing of a petition." Id. (quoting 42 U.S.C. § 300aa-12(b)(1)). In addition, he stated that the Secretary had put him in what he characterized as "an awkward situation" that would require him to act in the role of a "fees and costs inquisitor." Id. at *2–3 (quotation omitted). The special master appeared to agree with the petitioner that—because he was under no obligation to seek clarification from the petitioner—the petitioner might be unfairly deprived of an opportunity to address any "issues or misperceptions regarding fees or costs" that the special master might harbor. See id. at *3 (quotation omitted).

The Court finds the special master's "fairness" concerns misplaced. Here, Mr. Dominguez had every opportunity (and an obligation) to make his case when he filed his fee application. See Hensley, 461 U.S. at 437 (stating that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates"). He is not entitled to a second opportunity (presumably in a reply to the Secretary's objections) that might allow him to address "misapprehensions" or issues that the special master may harbor about his request.

To the contrary, it is well-established that—notwithstanding similar "fairness" concerns—a special master may adjust an attorney fee award downward <u>sua sponte</u>, even if the opposing party has not lodged an objection in support of the reduction. <u>See Sabella</u>, 86 Fed. Cl. at 208–09 (rejecting argument that <u>sua sponte</u> reduction in fees deprives the fee applicant of ability to offer evidence in support of the reasonableness of her request); <u>see also</u> <u>Scharfenberger</u>, 124 Fed. Cl. at 234 (noting that "petitioner bears the burden of proof, and respondent in fact is not required to make any objection for the special master to deny fees and costs" (quotation omitted)); <u>Savin ex rel. Savin v. Sec'y of HHS</u>, 85 Fed. Cl. 313, 318 (2008) (even absent objection by the government, a special master may <u>sua sponte</u> reduce a fee request where he or she possesses factual or experiential foundation upon which to do so, for "[t]he Vaccine Act compels each special master to determine independently whether a particular request is reasonable," and "[t]his obligation is not suspended—nor the sound discretion and common sense that underlie it rendered inoperable—merely because respondent fail[s] to object to a particular fee item"); <u>Duncan ex rel. Duncan v. Sec'y of HHS</u>, No. 99-455V, 2008 WL 4743493, at *1 (Fed. Cl. Aug. 4, 2008) (affirming special master's <u>sua sponte</u> reduction of an attorney fee request and observing that "the Special Master has an independent responsibility to satisfy himself that the fee award is appropriate and [is] not limited to endorsing or rejecting respondent's critique"); <u>Guy</u>, 38 Fed. Cl. at 406 ("[I]n determining the attorneys' fees[,] the special master is not limited to the objections raised by respondent." (citing <u>Moorhead v. United States</u>, 18 Cl. Ct. 849, 854 (1989))); <u>Estate of Rosas v. Sec'y of HHS</u>, No. 12-754V, 2018 WL 578940, at *4 n.8 (Fed. Cl. Office of the Special Masters Jan. 5, 2018) (rejecting petitioner's argument that special master should award full amount of fees requested without further analysis because of respondent's failure to object because Vaccine Act "compels each special master to determine independently whether a particular request is reasonable" (quotation omitted)); <u>Guffey ex rel. Warfle v. Sec'y of HHS</u>, No. 05-1399V, 2012 WL 4845635, at *13 (Fed. Cl. Office of the Special Masters Sept. 21, 2012) ("A special master may reduce a request for fees and costs that is not reasonable <u>sua sponte</u>, without regard for whether the respondent objected to a particular request." (citation omitted)).

Further, the Court notes that this obligation of independent review is not unique to the Vaccine Act's attorney fee provisions. It has been imposed on adjudicators under a variety of fee-shifting statutes. <u>See Broyles v. Dir., Office of Workers' Comp. Programs</u>, 974 F.2d 508, 510 (4th Cir. 1992) (holding that under the Equal Access to Justice Act, "although the [government] ha[d] not challenged the number of hours claimed, [the court had] the responsibility of determining whether the fees sought [we]re <u>reasonable</u>," which "requires an examination of whether the hours claimed are <u>reasonable</u> when viewed in the light of the question presented, the state of the law, and the experience and expertise of the attorneys" (emphasis in original)); <u>see also</u> <u>Pa. Envtl. Def. Found. v. Canon-McMillan Sch. Dist.</u>, 152 F.3d 228, 232–34 (3d Cir. 1998) (reversing district court's use of process akin to "silent auction" to determine attorney fee award under 42 U.S.C. § 1988; although neither party objected to the procedure, the district court was obligated to make reasonableness determination on the basis of controlling lodestar principles); <u>Am. Petroleum Inst. v. EPA</u>, 72 F.3d 907, 912, 915 (D.C. Cir. 1996) (noting that, in assessing whether a requested attorneys' fee was reasonable under 42 U.S.C. § 7607(f), the court was "duty bound to recall that Congress required [it] to exercise [its] independent judgment on the reasonableness of fees requested before taxing them against the United States"; that "petitioners bear the burden of demonstrating the reasonableness of each element of their fee request"; and that "the court has a duty to independently assess the reasonableness of fees sought from the

government" (quotation omitted)); Jordan v. Mark IV Hair Styles, Inc., 806 F.2d 695, 697–98 (6th Cir. 1986) (in awarding attorneys' fees in a class action under 42 U.S.C. § 1988, the court was required to evaluate the reasonableness of the fees requested whether or not defendant responded to the petition); Wojtkowski v. Cade, 725 F.2d 127, 130 (1st Cir. 1984) (finding that "court was not obligated . . . to adopt the rate and hours claimed by [the plaintiff's] attorney[] merely because the defendants failed to oppose his fee request or challenge his attorney's affidavit," and observing that 42 U.S.C. § 1988 (under which the court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs") "confer[s] both responsibility and authority upon the court to control the reasonableness of the fee").[3]

Finally, the Court agrees with the Secretary that there is no support either in the Vaccine Act or the Vaccine Rules for the special master's conclusion that he may be relieved of his responsibility to determine the reasonableness of Petitioner's fee application by the government's failure to assert specific objections. To the contrary, Vaccine Rule 13 (governing petitions for attorneys' fees) provides that once an attorney fee application is filed, "the clerk will forward the fee request to the special master for a decision thereon." It imposes no obligation on the Secretary to respond.

The special master was nonetheless of the view, expressed in Swintosky, that "a fee application, as a motion, is also governed by Vaccine Rule 20, which lays out general procedures and establishes deadlines for responses to motions." Swintosky, 2017 WL 5899239, at *4. Accordingly, he observed, "the silence in § 300aa–15(e) or in Vaccine Rule 13 on the Secretary's role does not excuse the Secretary from meeting an obligation to present meaningful arguments." Id.

Rule 20, however, does not cross-reference Rule 13 or indicate in any way that it is applicable to fee petitions. Further, even if Rule 20 were somehow read to impose a requirement that the Secretary lodge specific objections to attorney fee applications, Rule 20 does not provide that a failure to respond will result in a default ruling as to an application for an award of attorneys' fees. And as at least one court has held, the violation of such a procedural rule cannot serve as sufficient justification for the issuance of an award of fees and costs without determining their reasonableness, because such a determination is statutorily mandated. See

_____

[3] The special master's "waiver" theory also finds no support in decisions describing the burden of rebuttal that is placed on a party opposing a fee application. Thus, in Swintosky, the special master referenced—among other things—the court's holding in National Association of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1326 (D.C. Cir. 1982), that "[o]nce the fee applicant has provided support for the requested rate, the burden falls on the Government to go forward with evidence that the rate is erroneous." Swintosky, 2017 WL 5899239, at *3 (quoting Nat'l Assoc. of Concerned Veterans, 675 F.2d at 1326). But that decision addressed the allocation of burdens of proof when determining whether a fee request is reasonable. It is inapposite here because in this case (as in Swintosky) the special master decided not to make any reasonableness determination at all. As a result, he did not decide whether the fee applicant had made a prima facie case in support of the requested hours and rate, which are the findings necessary to impose any burden of rebuttal on the government.

Jordan, 806 F.2d at 697–98 (reversing an award of fees that had been based on the opposing party's procedural default under local rules of court, and holding that notwithstanding the rule, the district court had an obligation to independently review the reasonableness of the fee award requested by class counsel).[4]

In closing, the Court notes that it is not unsympathetic to the toll that attorneys' fees litigation takes on the time of the special masters and on the Vaccine Program, particularly given the right of vaccine petitioners to file multiple requests for awards of interim attorneys' fees while their cases are pending. Even when the opposing party assists a tribunal by drawing attention to potential defects in a fee application, the adjudication of fee requests is often tedious and time consuming. The time a special master spends poring over fee applications is time that he or she cannot spend deciding requests for compensation by injured petitioners. It would be in all parties' interests (and in the interest of the Vaccine Program itself) if fee requests could be resolved by settlement and without the special masters' intervention. But these considerations, while compelling, obviously cannot serve as justifications for dispensing with the statutory requirement that special masters review and make determinations regarding the reasonableness of fee applications.

In this case, the special master abused his discretion by awarding Petitioner attorneys' fees and costs without determining whether the fees and costs awarded were reasonable. Therefore, his decision must be set aside and the matter remanded to allow him to reconsider Petitioner's application for fees and to apply the lodestar approach set forth in the controlling precedent.

## CONCLUSION

For the foregoing reasons, the government's motion for review is **GRANTED** and the special master's decision on interim attorneys' fees (ECF No. 138) is set aside as an abuse of discretion. The case is **REMANDED** back to the special master for further proceedings consistent with this opinion.

---

[4] Of course, the Secretary's failure to object to any part of the fee application is not without consequence under the Vaccine Rules. To the contrary, it results in a waiver of the Secretary's right to press any such objections on appeal of the attorney fee award. See Vaccine Rule 8(f)(1) ("Any fact or argument not raised specifically in the record before the special master will be considered waived and cannot be raised by either party in proceedings on review of a special master's decision."); Weddel v. Sec'y of HHS, 23 F.3d 388, 390 n.2 (Fed. Cir. 1994) (noting that Vaccine Rule 8(f) "expressly forbid[s]" the court from considering arguments not raised before the special master); McMillan ex rel. McMillan v. Sec'y of HHS, 26 Cl. Ct. 357, 358 (1992) (where government failed to raise any objections to fee petition before special master and special master found the fee request reasonable and awarded the same, government waived its right to raise specific objections to that award in a motion for review, based on Vaccine Rule 8(f) and on the general rule of waiver resulting from a party's failure to object). Apparently, the Secretary has determined that waiver of the right to challenge specific aspects of a special master's fee determination is an acceptable price to pay for the time saved in responding to fee applications.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge