# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
GEORGE DOMINGUEZ,              *
                               *    No. 12-378V
              Petitioner,      *    Special Master Christian J. Moran
                               *
v.                             *
                               *    Filed: December 18, 2017
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *    Attorneys' fees & costs;
                               *    interim award; waiver.
              Respondent.      *
* * * * * * * * * * * * * * * * * * * *
```

<u>Clifford Shoemaker</u>, Shoemaker, Gentry & Knickelbein, Vienna, VA for petitioner;
<u>Darryl R. Wishard</u>, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS**[1]

Pending an entitlement hearing, George Dominguez filed a second motion for interim attorneys' fees and costs. Mr. Dominguez is awarded the full amount of his request, **$75,011.50**.

\* \* \*

Mr. Rodriguez received attorneys' fees and costs for his original attorney, Anne Toale, pursuant to his first motion for an award of attorneys' fees and costs on an interim basis. <u>Interim Fees Decision</u>, issued March 6, 2017, 2017 WL 1316961. On July 29, 2017, Mr. Rodriguez filed a second motions requesting an

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

award of attorneys' fees and costs on an interim basis, requesting $40,915.80 in fees and $34,095.70 in costs.

The Secretary filed a response representing that he "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award," but otherwise "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp., filed July 31, 2017, at 2.  The Secretary did not raise any specific objections and recommended that the Special Master "exercise his discretion" when determining a reasonable award.  Id. at 3.

This matter is now ripe for adjudication.

\*   \*   \*

Because it has not yet been determined whether Mr. Dominguez will receive compensation, he must establish that the "petition was brought in good faith and there was a reasonable basis for the claim" before he can be eligible to receive an interim award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e)(1).  Furthermore, even if a petitioner meets the eligibility requirements for an interim award of attorneys' fees and costs, the special master exercises discretion whether to make such an award.  See Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 92 (2016).

As noted above, the Secretary believes that the statutory requirements for an award of attorneys' fees and costs have been met.  The undersigned previously found that good faith for bringing the claim exists and nothing has arisen to disturb that finding.  Interim Fees Decision, 2017 WL 1316961, at \*3.  The undersigned also previously found that reasonable basis exists and additional submissions (medical literature and another expert report) have since been filed to support that finding.  Interim Fees Decision, 2017 WL 1316961, at \*3.  Accordingly, due to the findings of good faith and reasonable basis, Mr. Dominguez is eligible for an interim award of attorneys' fees and costs.

Now that Mr. Dominguez has been found eligible for an interim award, the undersigned must determine whether to exercise his discretion to grant an award.  See Rehn, 126 Fed. Cl. at 92.  Some of the factors that the Federal Circuit has considered to determine if an interim award is appropriate are protracted litigation, costly experts, and undue hardship.  Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010); Avera v. Sec'y of Health & Human Servs., 515

F.3d 1343, 1352 (Fed. Cir. 2008).  Neither party has presented any arguments about how these factors affect the appropriateness of an interim fees award.

In regard to fees and costs requested for Ms. Toale in the first interim motion, the undersigned found an undue hardship because Ms. Toale was waiting on fees for work performed as far back at November 2011.  Interim Fees Decision, 2017 WL 1316961, at *4-5.  In regard to fees and costs requested for Mr. Shoemaker in the present interim motion, Mr. Dominguez is seeking fees for work performed by Mr. Shoemaker as far back as April 2015.  As for costly experts, Mr. Dominguez is seeking $33,950.00 in costs for the experts.  While Mr. Shoemaker may have waiting for payment for less time than Ms. Toale waited payment, he also incurred substantial expert costs.  Thus, the undersigned finds that an interim award is warranted in this case to alleviate an undue hardship and costly experts.

Pursuant to the rationale established in Swintosky v. Sec'y of Health & Human Servs., No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017),[2] the Secretary has waived any objections to the amount of fees requested.  Absent any objections, Mr. Rodriguez's request for interim attorneys' fees and costs is GRANTED IN FULL:

> **A lump sum of $75,011.50 in the form of a check made payable to petitioner and petitioner's attorney, Clifford Shoemaker.**

These amounts represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] In Swintosky, the parties submitted a joint notice of decision not to seek review of the Fees Decision.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.