# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| GEORGE DOMINGUEZ, | * |
| | *    No. 12-378V |
|            Petitioner, | *    Special Master Christian Moran |
| | * |
| v. | *    Filed: April 2, 2018 |
| | * |
| SECRETARY OF THE HEALTH | * |
| DEPARTMENT OF HEALTH AND | *    Motion for decision; tetanus, |
| HUMAN SERVICES, | *    diphtheria, acellular pertussis |
| | *    ("TDaP") vaccine; Wegener's |
|            Respondent. | *    granulomatosis |

* * * * * * * * * * * * * * * * * * * *

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

     George Dominguez filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa—10 through -34 on June 14, 2012. The petition alleged that Mr. Dominguez developed Wegener's granulomatosis or, in the alternative, the condition was significantly aggravated after he received the tetanus, diphtheria, acellular pertussis ("TDaP") vaccine on August 31, 2011. Petition, filed June 14, 2012, at 1. The information in the record, however, does not show entitlement to an award under the Program.

---

     [1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I. **Procedural History**

On June 14, 2012, Mr. Dominguez filed a petition seeking compensation for injuries he sustained following the administration of the TDaP vaccine on August 31, 2011.  The petition alleges that the vaccine caused Mr. Dominguez to suffer from and/or significantly aggravated Wegener's granulomatosis.

On May 10, 2013, respondent filed his Rule 4 report concluding that compensation was not appropriate in this case.  Respondent points to the lack of a medical theory connecting the TDaP vaccine and Wegener's granulomatosis and also the absence of any treating physicians making this connection.

On April 25, 2014, Mr. Dominguez's initial counsel first provided notice of her intent to withdraw.  Her counsel's eventual motion to withdraw was granted on January 6, 2015.

On March 25, 2015, an order to show cause was issued.  On April 29, 2015, Mr. Dominguez's current counsel entered his appearance and soon thereafter settlement discussions recommenced.

On May 18, 2016, Mr. Dominguez filed a co-authored first expert report from Judy A. Mikovits, Ph.D., and Francis W. Ruscetti, Ph.D.  Exhibit 24.  Respondent then filed his first expert report from Dr. Thomas Forsthuber.  Exhibit H.

On August 8, 2016, a status conference was held to discuss the initial expert reports.  Mr. Dominguez was ordered to file a responsive expert report.

On January 6, 2017, Mr. Dominguez filed a second co-authored expert report. Exhibit 68.  On February 13, 2017, Mr. Dominguez advised that respondent did not wish to continue settlement discussions and an entitlement hearing was scheduled shortly after.

On March 8, 2017, respondent filed his second expert report from Dr. Forsthuber.  Exhibit OO.

An order for pre-hearing briefs was issued on September 8, 2017.  Mr. Dominguez filed his pre-hearing brief on December 22, 2017, and respondent filed his brief on February 2, 2018.

At a status conference on March 20, 2018, the undersigned advised the parties of his review of the case thus far. The undersigned identified weak aspects of Mr. Dominguez's case, the disparity in credentials between the parties' experts, and the tenuous nature of reasonable basis going forward. Order, issued Mar. 22, 2018, at 1-2.

On March 30, 2018, Mr. Dominguez moved for a decision dismissing his petition. He stated that he is unable to prove that he is entitled to compensation in the Vaccine Program. He acknowledges that a dismissal of his petition at this stage will result in a judgment against him and will end all of his rights in the Vaccine Program.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinee's vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). An examination of the record did not uncover any evidence that Mr. Dominguez suffered a "Table Injury." Further, the record does not contain other persuasive evidence indicating that Mr. Dominguez's injuries are vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). In this case, because the medical records do not support Mr. Dominguez's claim, a medical opinion must be offered in support. Though a medical opinion has been offered, it is not persuasive.

Drs. Mikovits and Ruscetti theorize than a vaccine can trigger a cytokine and chemokine storm, but do not explain how the storm could cause Wegener's granulomatosis in particular. Exhibit 24 at 10. For respondent, Dr. Forsthuber contends that the articles cited by Drs. Mikovits and Ruscetti do not support their theory and that the causes of Wegner's granulomatosis are unknown. Exhibit H at 6-8. Drs. Mikovits and Ruscetti proposed a vague timing for the onset of symptoms of a few days to months. Exhibit 24 at 13. Based on the undersigned's previous experience, cytokine-based theories have a quick onset of perhaps two days. As for the experts' credentials, only Dr. Forsthuber is a medical doctor and, thus, is most qualified to interpret Mr. Dominguez's medical records. Lastly,

3

based on a limited number of court appearances, the undersigned has found Dr. Forsthuber to be more credible than Drs. Mikovits and Ruscetti.

Accordingly, the undersigned finds that petitioner has failed to demonstrate that Mr. Dominguez suffered a "Table Injury," that the TDaP vaccination "actually caused" Mr. Dominguez's Wegener's granulomatosis, or that the TDaP vaccination "significantly aggravated" his Wegener's granulomatosis.

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master